## SUPREME JUDICIAL COURT

FOR THE COUNTY OF

## PENOBSCOT.

### OCTOBER TERM,

### 1821.

### THE INHABITANTS OF BANGOR *v.* THE INHABITANTS OF DEER-ISLE.

A notice under *Stat.* 1793. *ch* 59. [*Revised Statutes ch.* 122.] that persons have become chargeable as paupers, should state the names of such persons, or otherwise so describe them, as that the overseers may certainly know whom to remove.

Notice that "*S. and his family*"—or that "*S. and several of his children*" are chargeable, is insufficient.

THIS was an action of *assumpsit* for the expenses incurred by the plaintiffs in the support of a pauper, his wife, and seven minor children; and the only question reserved was, whether the notice given to the defendants was sufficient.

The notice was served *February* 16, 1818, and stated that "*Samuel Staple and family* had been chargeable to *Bangor* for several months next before the notice, occasioned by severe sickness of *himself, wife, and several children.*"

The jury, by direction of the Judge who presided at the trial of the cause, returned a verdict for the plaintiffs, assessing separately the expenses of supporting the husband and wife, and the expenses of supporting the children; which was to be amended or set aside, according to the opinion of the Court upon the question reserved.

*W. D. Williamson,* for the plaintiffs, contended that the notice was sufficiently explicit as to the whole family, for the de-

Bangor *v.* Deer-Isle.

fendants were notified that they all were chargeable; and being thus cautioned against the expenses to which they were liable, it was their duty to have made provision for the support of those who stood in need of assistance. Under the *Stat.* 4 *W. & M. ch.* 13. it was settled that the warning of a husband *and his family* was sufficient to prevent the *family* from gaining a settlement, because they could not be separated from him. *Shirley v. Watertown*, 3 *Mass.* 323. So in the case of a complaint made to a Justice of the peace, for the removal of the husband, and judgment for the plaintiffs, the whole family being minors, must be removed with him; for on this topic it is the established principle of the settlement cases that the parent and child are not to be separated. *Somerset v. Dighton*, 12 *Mass.* 385. If therefore the present process had been a complaint for removal of the parents, the notice would have been sufficient to charge the defendants with the support of the children also, and therefore it ought to be considered sufficient here; for the notice needs not to be more specific than the warrant of removal; and the warrant to remove the parent is sufficient authority to remove the child with him.

*Abbot,* for the defendants.

It is admitted that the notice as to *Staple and his wife* is good. But it is contended that the notice as to the rest of the family is too general and uncertain. An order to remove *three men* and *their families* was quashed because too general. *Salk.* 482. So also to remove a *man, his wife and family* is bad. *Salk.* 485. 488. So to remove *Thomas Block and his family.* 1 *Strange* 114. Or *A. and his children. Com. Dig. tit. Justices of peace B.* 73.

The reasoning in the above cases applies with equal force to the notice required by our statute. A man's family may consist of his *wife, children* and *servants. He* may have a settlement in one town, and *some of his children* and his servants may have their settlement in *another.* The notice to be good ought to mention the names of all the persons who stand in need of relief, that the overseers of the poor may determine what course to pursue, and ascertain whether any or all the persons named have a settlement in their town; and if so, a knowledge of the members composing the family may be convenient to enable

the overseers of the poor to remove them with the least possible expense.

But this question does not rest solely upon general reasoning nor upon foreign authority. It has been settled in the case of *Embden v. Augusta*, which cannot be distinguished from the present. " You are notified that *the family of James Savage*," &c. is the language in that case. The Chief Justice says " the no-" tice is certainly defective, as it may put the overseers of the " town to great inconvenience to undertake the removal or sup-" port of a family without knowing of what number it may be " composed." 12 *Mass.* 307.

This doctrine is confirmed in *Andover v. Canton*, 13 *Mass.* 555. In the late case of *Shutesbury v. Oxford*, 16 *Mass.* 102. the notice was " that *David Rich and his family* were chargeable," &c. *Parker C. J.* states, " the notice given by the overseers of *Shutes-* " *bury was defective*, for want of *particularizing the family* of *Da-* " *vid Rich;* and had the overseers of *Oxford been silent*, that " town could not have been charged upon *such* notice." In this case the overseers of *Deer-Isle* were silent, and of course that town is not chargeable except for the support of *Staple* and his wife.

The cause being continued *nisi*, the judgment of the Court was delivered in the ensuing term at *Castine* in the county of *Hancock*, to the following effect, by

MELLEN C. J. It is admitted that the notification in this case is sufficient as to *Samuel Staple* and *his wife;* and the only question is whether it is sufficient as to the children; who were, at the time of the notice, all minors, though not so described in the notification. Taking the whole notification together, it may fairly be considered as equivalent to a statement that " *Samuel Staple, his wife, and several of their children*" had become chargeable. Is such notice good?

The cases cited by the defendants' counsel from *Salkeld* and *Comyn* related to the sufficiency of orders of removal;—those cited from *Massachusetts* related to the sufficiency of the notice which had been given pursuant to the provisions of *Stat.* 1793. *ch.* 59. *sec.* 12. There is no such provision as this in any of the English statutes relating to the poor. The decisions in

*Massachusetts* seem to be founded upon the analogy between an order of removal in *England*, and a notification under our statute of 1793. It is contended by the plaintiffs' counsel that the case at bar differs from the cases of *Embden v. Augusta* and *Shutesbury v. Oxford ;* because there the word *family* was used, and here the word *children*, which is supposed to be sufficiently descriptive and particular. But in the case of *Ware v. Stanhead-Mount-Fitchel*, 2 *Salk.* 488. it was decided that an order to remove *H.* with his wife *and children* was bad; and in *Comyn's Digest, Justices of the peace B.* 73. it is stated that an order of removal is bad if it does not state the *ages of the children ;* that is, probably, so far as is necessary to shew them to be incapable of having any other than a derivative settlement.

By *Stat.* 1793. *ch.* 59. *sec.* 12. the overseers to whom the notification is sent are authorized to *remove* the persons chargeable. Hence the necessity that the notice should state the names of such persons, or otherwise so describe them, that the overseers may certainly know whom to remove. In 3 *D. & E.* 44. 637. it is settled that none of the family are *removable* except those who are *chargeable.*

As the decided cases make no distinction between the terms *family* and *children*, when used in an order of removal; and none seems to exist between them when used in the statute notification, if we duly consider the object in view in sending the notification, we do not feel at liberty to make any distinction in deciding this cause ; more especially as by so doing we should extend the effects of an estoppel, perhaps to the exclusion of the truth.

According to this opinion the verdict is in part incorrect; and pursuant to the agreement of the parties it must be altered so as to stand for the expenses of supporting the husband and wife only.